BROWNING, J.
This is an appeal from summary judgment for Appellee, F.P. Morgan* (Morgan), entered against Appellants. Appellants claimed in the court below that Morgan failed to disclose a known defect in a condominium before its sale to Appellants. Finding a genuine dispute of material fact, we reverse.
In reviewing summary judgment, this Court reviews the facts in the record in the light most favorable to the party against whom summary judgment was entered. E.g., St Joe Corp. v. McIver, 875 So.2d 375, 377 (Fla.2004) (unreleased) (in reviewing summary judgment, the court “must examine the record in the light most favorable to ... the non-moving party”).
In 1995, Appellants’ ground-floor condominium was flooded with raw sewage due to a backup in the building’s sewage system. Appellants claim that the cause of the backup was a power failure that disabled the pumps that pull sewage up from holding tanks below sewer level to the level of the sewer lines. The viability of Appellants’ claim depends upon whether, at the time of sale, Morgan had knowledge of this defect in the plumbing system. If Morgan had such knowledge, and the defect materially affected the value of the property, Morgan had a duty to disclose it to Appellants. See Johnson v. Davis, 480 So.2d 625, 628 (Fla.1985).
Morgan testified that she had no knowledge of the plumbing defect and never heard or participated in any discussion concerning sewage backups. However, Appellants produced evidence that sewage flooded all the ground floor condominiums in 1986 and that all homeowners, including Morgan, were notified of the problem at that time; that Morgan attended a 1991 homeowners’ association meeting at which the flooding was discussed; and that efforts to remedy the problem had been unsuccessful. Because this evidence, viewed in the light most favorable to Appellants, demonstrates a genuine issue of material fact as to whether Morgan was aware of the defects at the time of her sale to Appellants, the trial court reversibly erred by entering summary judgment.
REVERSED and REMANDED.
KAHN and WEBSTER, JJ., concur.

 F.P. Morgan is now deceased, and her estate has been substituted as the proper party.